UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN DWAYNE THERIOT,

        Plaintiff,

v.

GLORIA HILL et al.,

        Defendants.
_____/

Case No. 2:18-cv-131

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Michigan. The events about which he complains occurred at that facility. Plaintiff sues several AMF healthcare providers: Health

Care Director Gloria Hill; Nurse Supervisor Aaron Jeffries; Nurse Practitioner Unknown Lewis; and Nurses Nicole Sunberg and Unknown Duecetti.

Plaintiff's complaint is only one paragraph long. He alleges that, on June 20, 2018, he told Defendant Sunberg that he had exhibited the following symptoms: swollen feet; sometimes swollen hands; repeated urination, more than usual; fatigue; hunger; and, at times, blurred vision. She responded, "So you know you don't have nothing wrong, Mr. Lawsuitman." (Compl., ECF No. 1, PageID.3.) Thereafter, apparently for the next twenty-two days,[1] Plaintiff told the other Defendants each time they did rounds. First, Plaintiff would ask what such symptoms might indicate and then, when each Defendant said it could be diabetes, Plaintiff would tell them that he had those symptoms. (*Id.*) Nonetheless, Plaintiff alleges they did not give him any medical treatment. (*Id.*)

Plaintiff asks the Court to order medical treatment and to financially compensate Plaintiff.

II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

---

[1] Plaintiff signed his complaint on July 12, 2018. (Compl., ECF No. 1, PageID.4.)

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. <u>Deliberate Indifference</u>

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

3

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

4

Plaintiff's allegations invite the Court to conclude that he suffers from diabetes; however, Plaintiff does not allege that he suffers from diabetes nor does he allege that he has ever been diagnosed with diabetes. In fact, Plaintiff does not even allege that he suffers from the symptoms he told the Defendants about. He only alleges that he told the Defendants he suffered from those symptoms. Accepting that Plaintiff actually meant to allege that he suffers from the listed symptoms, however, does not necessarily mean that the symptoms evidence a serious medical need.

"A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Diagnosed diabetes may present a serious medical need; however, Plaintiff's listed symptoms might or might not.[2] The stated symptoms do not present so obvious a problem that even a lay person would conclude a doctor's attention is necessary.

Without an obvious serious medical need, Plaintiff cannot satisfy the subjective component either. "Knowledge of the serious medical needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn by Parks v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir. 1994). Under the circumstances alleged, Plaintiff cannot show that the Defendants knowingly disregarded a substantial risk of serious harm. At best Plaintiff has alleged that these Defendants have been negligent. *See, eg., Allen v. Dabbs*, No. 95-5125, 1996 WL 28846, at *1 (6th Cir. Jan. 24, 1996) ("The prison staff's failure to diagnose Allen's diabetes does not, without more, state a violation of the Eighth Amendment. At most,

---

[2] Moreover, this lawsuit is the 10th of 25 lawsuits Plaintiff has filed in the last six months. His symptoms might also follow from the heart problems or frequent assaults he alleges in his other lawsuits.

5

Allen's complaint amounts to a claim of negligence and does not entitle him to relief."); *Smith v. Schoefield*, No. 3:15-cv-574, 2016 WL 393540, at *4 (E.D. Tenn. Feb. 1, 2016) ("Plaintiff's condition was not diagnosed as Type 2 Diabetes at the time he filled his sick call forms and in those forms his sole complaint of vision problems is not sufficiently alarming to put a person on notice of the severity of his condition."); *Aull v. Osborne*, No. 4:07-cv-16, 2009 WL 111740, at *6-8 (W.D. Ky. Jan. 15, 2009) (quoting *Allen*); *Atkins v. Vadlamudi*, No. 07-10547, 2008 WL 1795023, at *5-6 (E.D. Mich. Mar. 18, 2008) (same). Allegations of negligence are insufficient to state an Eighth Amendment claim. *Farmer,* 511 U.S. at 835; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent . . . does not state a valid claim . . . under the Eighth Amendment."); *Flanory v. Bonn*, 604 F. 3d 249, 254 (6th Cir. 2010) ("Deliberate indifference 'entails something more than mere negligence.'"); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) ("[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence . . . .'"); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("Deliberate indifference is a higher standard than negligence . . . ."). Even a showing of gross negligence will not suffice to show deliberate indifference. *See, e.g., Broyles v. Correctional Medical Services, Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'"). Accordingly, Plaintiff has failed to state a claim against these Defendants.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: November 7, 2018           /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge